# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# SOUTHEASTERN DIVISION

| | |
|---|---|
| CLIFTON BROWN, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) No. 1:07CV127RWS |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

## MEMORANDUM AND ORDER

Petitioner Clifton Brown moves to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. Brown claims he received ineffective assistance of counsel when his counsel waived his pretrial motions, failed to investigate whether the substance involved was cocaine or crack cocaine, and failed to file a notice of appeal after Brown asked him to do so. Because I find by a preponderance of the evidence that Brown asked his counsel to file a notice of appeal, and no notice was filed, I will grant Brown's motion to allow him to file a notice of appeal.

*Background*

On June 15, 2006, a grand jury indicted Petitioner Clifton Brown for possession with intent to distribute cocaine base (crack), marijuana, and cocaine, and for possessing a firearm in furtherance of those drug trafficking offenses. A

warrant was issued, and Brown was arrested on June 22, 2006. After several requests for extensions of time to file pretrial motions, Brown, through counsel, moved to suppress evidence. A hearing was held on August 9, 2006 before Magistrate Judge Lewis M. Blanton, and the parties submitted post-hearing memoranda. On November 3, 2006, Judge Blanton issued a report and recommendation that Brown's suppression motion be denied. After Brown filed objections, I conducted a de novo review, adopted Judge Blanton's report and recommendation, and denied Brown's motion.

Brown pled guilty to all counts. On March 26, 2007, I sentenced Brown to a term of imprisonment of 60 months on each of counts 1 and 4, 70 months on counts 2 and 3 to be served concurrently, and a term of 60 months on count 5, to be served consecutively to the term of imprisonment on counts 1 through 4, for an aggregate term of imprisonment of 130 months. After the Sentencing Commission lowered the sentencing range for crack cocaine offenses, Brown moved for retroactive application of the crack cocaine guidelines. On July 3, 2008, I amended Brown's judgment and resentenced him to 57 months on counts 1 and 4 and 60 months on counts 2 and 3, to run concurrently. The sentence for count 5 did not change and remained at 60 months to be served consecutively to the other counts, for an aggregate term of imprisonment of 120 months.

Brown now moves to have his sentence vacated, set aside or corrected on the basis of ineffective assistance of counsel for three reasons. Brown claims his counsel was ineffective relating to his pretrial suppression motion. Although Brown's § 2255 petition claims that counsel was ineffective for failing to move to suppress evidence and he did not seek to amend his petition, Brown now claims his attorney was ineffective for failing to show Brown the search warrant documents prior to the suppression hearing, thereby depriving Brown of the ability to make factual challenges to the affidavit accompanying the search warrant. Brown also claims his attorney was ineffective for failing to investigate whether the substance Brown possessed was cocaine base, and not just cocaine. Brown further claims his attorney was ineffective for failing to file a notice of appeal after Brown asked him to do so.

Because Brown's third claim presented a factual issue, an evidentiary hearing was held on September 21, 2009. At the evidentiary hearing, Brown testified that after he was sentenced, he decided that he wanted to appeal. The day after Brown was sentenced, he wrote a letter to his attorney and asked him to file a notice of appeal or come to speak to him about an appeal. Hr'g Tr. at 16–18, 26 (Sept. 21, 2009). Brown mailed the letter through the county jail mail. Id. at 17–18. The letter was properly addressed and had sufficient postage attached. Id.

at 18. Brown kept a copy of the letter and attached it to his § 2255 motion. Id. at 5, 17. Brown did not receive a reply. Id. at 18.

Brown also testified that he called his attorney several times. Id. The secretaries always told Brown that his attorney would contact him, but his attorney never did. Id. Brown believed that family members also called his attorney about filing an appeal. Id. The only communication Brown had with his attorney regarding an appeal was the letter attached to his petition. Id. at 34.

The letter ("Exhibit B") stated in its entirety:

> March 27, 2007
> Clifton Brown
> 216 N. Missouri
> Jackson, MO 63755
>
> Mike Skrien - Atty. At Law
> P.O. Box 2043
> Cape Girardeau, MO 63701
>
> Re: Appeal
>
> Dear Mike:
>
> Would you please come and talk to me about appeal [sic] as I have not been able to reach you by phone or could just [sic] file a notice of appeal.
>
> Sincerely,
>
> Clifton Brown

In early July 2007, Brown requested information from the Cape Girardeau Circuit Court. Id. at 6, 19. After he received the requested information, he filed the instant motion. Id. at 19. Brown acknowledged that his plea agreement contained a provision wherein he waived his right to appeal issues other than sentencing. Id. at 21–22. Brown testified that he did not want to appeal any sentencing issues. Id. at 34–35. Brown also acknowledged that he was aware that he could have asked the Clerk of the Court to file his notice of appeal, that he never did, and that there was no reason why he did not. Id. at 35–37.

Michael Skrien, Brown's counsel ("Counsel") also testified at the hearing. Counsel testified that the first time he had ever seen the letter asking him to file an appeal was when an Assistant United States Attorney showed it to him after Brown filed his § 2255 petition. Id. at 46–47. Counsel was not aware of any contact he had with Brown concerning an appeal "unless he talked to my secretary." Id. at 47. Counsel testified that occasionally defendants who have waived their rights to appeal change their minds. Id. In those situations, he files a notice of appeal. Id. There was no reason Counsel would not file a notice of appeal in Brown's case. Id. Counsel testified that no one from Brown's family contacted him to request he file a notice of appeal for Brown. Id. at 48. Counsel also testified that it should have been his practice in 2007 to file a form with the

Court stating that no appeal will be filed or the client wants an appeal, but that he did not file the form. Id. at 55.

The United States Attorney submitted a sworn affidavit wherein Counsel stated that he had never seen Brown's letter before the United States Attorney provided it to him. Counsel's Affidavit, October 27, 2007. Counsel examined Brown's file, and the letter was not contained in Brown's file. Id. The file also did not contain any notes indicating that Brown was interested in filing a notice of appeal. Id.

Regarding the suppression issues, Brown testified that the first time he saw the warrant application and affidavit in support was in July 2007, several months after he was convicted. Hr'g Tr. at 6. Brown claimed that he had requested those documents from his attorney, but Counsel never provided them. Id. Brown said the affidavit supporting the search warrant application contained "plenty of false and fabricated information." Id. at 7. Specifically, the affidavit falsely stated that Brown was traveling at a slow rate of speed. Id. at 7–8. Additionally, while the affidavit stated that the law enforcement officer bypassed Brown, the officer actually followed Brown into the storage facility and did not drive past Brown's car. Id. at 8–9. Brown further testified that the address listed on the affidavit as his address, 646 South Spring, Apartment H, Cape Girardeau, Missouri, was not

his address. Id. at 9. Brown stated that although Counsel provided him with some documents, Counsel did not give him with the affidavit supporting the search warrant. Id. at 11–12. Brown claimed that he was not able to challenge the search warrant through a Franks hearing because he was unaware of the facts that were used to support the warrant application. Id. at 12.

Counsel testified that he believed he had provided copies of all the suppression documents prior to the hearing on Brown's motion. Id. at 43. Counsel testified that he provides those documents in all cases. Id. Counsel was unable to remember the date he provided those document to Brown and was unfamiliar with the contents of Brown's file. Id. at 50. Counsel answered that he did not recall going through the search warrant affidavit with Brown. Id. at 51. He did not recall any type of investigation regarding the contents of the search warrant affidavit. Id. at 52. At the suppression hearing, Counsel raised the issues of whether the search was supported by probable cause and whether the statements contained in the affidavit were truthful. Id. at 44. Counsel also testified that he believed Brown had asked him to subpoena Tasha Mayberry as a witness, but he was unable to find her. Id. Counsel did recall discussing with Brown the DEA Agent's claim that Brown was traveling at a slow rate of speed, and Counsel cross-examined the Agent about the ability to drive slowly in that area. Id. at 52–53.

Brown requests that I vacate the judgment of conviction, set aside his guilty plea, and remand the case to the Magistrate Judge for a new hearing on his motion to suppress evidence. The United States Attorney proposes that I enter an order allowing Brown ten days[1] to file a direct appeal.

***Findings of Fact***

Brown's first two claims do not require me to make findings of fact. As a result, I will only make findings of fact as to Brown's claims concerning the notice of appeal, as follows:

The day after Brown was sentenced, Brown wrote a letter to his attorney and requested him to file a notice of appeal or come to speak to him about an appeal. Id. at 16–18, 36. Brown properly addressed the letter, attached sufficient postage, and mailed the letter through the county jail mail. Id. at 17–18. Until Brown filed his motion under § 2255, Counsel had never seen the letter Brown mailed to him. Id. at 46–47. Counsel examined Brown's file, and the letter was not contained there. Affidavit of Michael Skrien. The file also did not contain any notes indicating that Brown was interested in filing a notice of appeal. Id. Brown did not receive a reply from his attorney. Hr'g Tr. at 18.

---

[1] On December 1, 2009, the Federal Rules of Appellate Procedure were amended to extend the time period for filing a notice of appeal from 10 days to 14 days. Fed. R. App. P. 4(b).

Brown called his attorney several times, but the secretaries always told him that his attorney would contact him, but his attorney never did. Id. Counsel was not aware Brown had tried to contact him about filing an appeal, but concedes that Brown could have spoken to his secretary. Id. at 47.

I find that Brown sent a letter requesting Counsel to file a notice of appeal, but for some reason, the letter did not reach Brown's file.

***Legal Standard***

The Sixth Amendment establishes the right of the criminally accused to have the assistance of counsel in his defense. The Supreme Court's decision in Strickland v. Washington, 466 U.S. 668 (1984) governs ineffective assistance of counsel claims under 28 U.S.C. § 2255. See Caban v. United States, 281 F.3d 778, 781 (8th Cir. 2002). In order for a convicted defendant to prove that his counsel was ineffective, the defendant must first show that counsel's performance was deficient. Strickland, 466 U.S. at 687. To do so, the defendant must demonstrate that counsel's representation fell below an objective standard of reasonableness. Id. at 687–88. Judicial scrutiny of an attorney's performance must be highly deferential, and thus, the courts should employ a strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance. Id. at 689.

The defendant must also "show that the deficient performance prejudiced the defense." Id. at 687. He or she must show that there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694.

***Discussion***

*Ground I: The motion to suppress evidence*

Brown asserts that Counsel was ineffective for advising Brown to waive his pretrial motions to suppress and for a Franks hearing without ever reviewing the application for the search warrant, the supporting affidavit, and the search warrant. The record conclusively establishes that Brown did not waive his pretrial motions, however. On August 7, 2006, Counsel moved to suppress evidence on the bases that law enforcement officers did not have probable cause to request the search warrant and the judge did not have sufficient probable cause to issue a warrant based on the information submitted in the supporting affidavit. An evidentiary hearing was held before Magistrate Judge Blanton on August 9, 2006. After Judge Blanton issued a report and recommendation that Brown's motion to suppress be denied, Brown filed objections. Because Counsel did not advise Brown to waive his pretrial motions, and instead actively litigated them, Brown has failed to show Counsel was ineffective in this regard.

Brown did not move to amend his motion under 18 U.S.C. § 2255. As a result, none of the issues in his post-hearing memorandum that relate to the suppression issues have been properly raised. But because both parties have addressed them in their memorandum, I too will address them here. Brown's new theory is that Counsel was ineffective for failing to provide him with the documents relating to the search warrant and thereby deprived him of the ability to participate in the defense and make factual challenges to the affidavit supporting the search warrant. Movant's Post-hearing Memorandum, at 1. Brown claims he was prejudiced because the affidavit included the following false information: the vehicle he was driving was traveling at an unusually slow rate of speed, the observations made by a police officer inside the storage facility could not have been true because the officer could not have driven in behind him, Brown did not live at the address listed on the warrant, and Brown had entered the storage facility 76 times. Id. at 2–3.

I find that even if Brown's allegations were true, these deficiencies do not constitute prejudice under Strickland. First, the transcript of the suppression hearing shows that Counsel did cross-examine the DEA Agent about the speed he claimed Brown was traveling and about whether he drove past Brown or

"basically snuck in behind" the car he was following. Tr. Supp. Hr'g at 26–27 (Aug. 9, 2006).

More important, however, is that even if all of the challenged facts were false, probable cause for the warrant would still exist. To prevail on a Franks challenge Brown must establish "(1) that a false statement knowingly and intentionally, or with reckless disregard for the truth, was included by the affiant in the warrant affidavit, and (2) that, with the affidavit's false material set to one side, the affidavit's remaining content is insufficient to establish probable cause." United States v. Buchanan, 167 F.3d 1207, 1210 (8th Cir. 1999). The use of a drug sniffing dog on the exterior of a car, luggage, or building is not a search. See Illinois v. Caballes, 543 U.S. 405, 409 (2005) (car); United States v. Place, 462 U.S.696, 707 (1983) (luggage). When a drug dog alerts the presence of drugs, that in itself, provides probable cause that drugs are present, and cause to search. United States v. Bloomfield, 40 F.3d 910, 919 (8 th Cir. 1994); United States v. Linkous, 285 F.3d 716, 721 (8th Cir. 2002).

The affidavit submitted in support of the warrant application stated that two Cape Girardeau Police Department Canine officers, Roy Rahn and Jeff Bourbon, visited the business at 2351 Bloomfield Road in Cape Girardeau on April 17, 2006. They brought their canine partners, whose last certification for narcotics

detection was in February 2006. The affidavit in support of the search warrant states that both dogs indicated that Brown's storage unit contained drugs. First Bourbon walked his dog around numerous storage units. As Bourboun's dog walked past Storage Unit #349, the dog alerted. The dog did not alert on any other storage units. Rahn then independently walked his dog around numerous storage units. Rahn's dog alerted at the door of Storage Unit #349. The dog did not alert on any other storage unit. Brown did not offer any testimony at his evidentiary hearing that suggests that the portion of the affidavit concerning the drug dogs was untrue.

The warrant application and the affidavit submitted in support, independent of the facts Brown challenges, provided sufficient probable cause for issuance of a warrant. Brown has failed to show that he was prejudiced by Counsel's performance concerning the suppression motion and hearing. As a result, I reject Brown's claim that he received ineffective assistance of counsel relating to pretrial suppression issues.

*Ground II: The crack cocaine analysis*

Brown claims that Counsel was ineffective for failing to investigate whether the substance Brown was charged with possessing was crack cocaine and not merely cocaine. At Brown's evidentiary hearing, the Assistant United States

Attorney introduced into evidence Brown's laboratory report that shows that one substance was 28 grams of cocaine base, and the other substance was 22.8 grams of cocaine hydrochloride, or powder cocaine. Because the evidence conclusively establishes that the substance was cocaine base, Brown was not prejudiced by Counsel's alleged failure to investigate the substance. As a result, I reject Brown's claim that he received ineffective assistance of counsel relating to the cocaine analysis.

*Ground III: The notice of appeal*

Brown claims he received ineffective assistance of counsel because he requested his attorney file an appeal. The United States Attorney proposes that I enter an order allowing Brown ten days to file a direct appeal.

An attorney "who disregards specific instructions from the defendant to file a notice of appeal acts in a manner that is professionally unreasonable." Roe v. Flores-Ortega, 528 U.S. 470, 477 (2000). The Supreme Court has explained,

> When counsel fails to file a requested appeal, a defendant is entitled to a new appeal without showing that his appeal would likely have had merit. This is so because a defendant who instructs counsel to initiate an appeal reasonably relies on counsel to file the necessary notice. Counsel's failure to do so cannot be considered a strategic decision; filing a notice of appeal is a purely ministerial task, and the failure to file reflects inattention to the defendant's wishes.

Id. Here, Brown sent a letter to his attorney requesting him to file an appeal. For some reason, that letter did not make its way to Brown's file. Counsel conceded that Brown may have spoken with his secretaries about filing a notice of appeal. Under these circumstances, Brown is entitled to a new appeal.

*Certificate of appealability*

I have also considered whether to issue a certificate of appealability. To grant a certificate of appealability, a court must find a substantial showing of the denial of a federal constitutional right. *See* Tiedeman v. Benson, 122 F.3d 518, 522 (8th Cir. 1997). A substantial showing is a showing that issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings. Cox v. Norris, 133 F.3d 565, 569 (8th Cir. 1997) (citing Flieger v. Delo, 16 F.3d 878, 882-83 (8th Cir. 1994).

I believe that Brown has not made such a showing on his claims that his attorney was ineffective relating to the motion to suppress and cocaine analysis. Therefore, I will not issue a certificate of appealability.

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner Clifton Brown's motion under 18 U.S.C. § 2255 will be **GRANTED** and he will be **GRANTED** an out-of-time appeal as the remedy for Counsel's failure to file an appeal.

**IT IS FURTHER ORDERED** that the Court will **VACATE** Petitioner Clifton Brown's July 3, 2008 dated Amended Judgment (Doc. No. 115 in Case No. 1:06CR99RWS) and **REIMPOSE** the same sentence so the time for appeal can start to run again. See Rosinski v. United States, 459 F.2d 59 (6th Cir. 1972); United States v. Phillips, 225 F.3d 1198, 1201 (11th Cir. 2000). The Court **WILL ENTER** a Second Amended Judgment.

**IT IS FURTHER ORDERED** that the Clerk of the Court is ordered to prepare a Second Amended Judgment in the matter United States of America v. Clifton Brown, No. 1:06CR99RWS in accordance with this order.

**IT IS FURTHER ORDERED** that Petitioner Clifton Brown has the right to appeal the reimposed sentence. The Clerk of the Court shall file a notice of appeal for him within **fourteen days** from the entry of the Second Amended Judgment. If Brown cannot afford counsel to represent him on appeal, he should complete the *in forma pauperis* application which the Clerk will provide him, and file it, along with a motion requesting the Court to appoint counsel to represent him.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall mail a copy of this Memorandum and the accompanying judgment, the Second Amended Judgment, and the *in forma pauperis* affidavit (CJA 23) to Petitioner Clifton Brown at Clifton Brown, #33172-044, F.C.I. Greenville, P.O. Box 5000, Greenville, IL 62246.

Dated this 20th Day of April, 2010.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE